```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 13-20777-CIV-MOORE
                                    MAGISTRATE JUDGE P. A. WHITE
ALFRED WAYNE LEE,                 :

        Plaintiff,                :

v.                                :     REPORT OF
                                        MAGISTRATE JUDGE
HARVEY RUVIN, CLERK OF COURT,     :
ET AL.,

        Defendants.
_____    :
```

## I. Introduction

The plaintiff Alfred Wayne Lee, while housed at the Federal Correctional Institution in Miami, filed a _pro se_ civil rights complaint for damages pursuant to 42 U.S.C §1983. [DE# 1].[1] He is proceeding _in forma pauperis_.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

   Sec. 1915 Proceedings in Forma Pauperis

                  *   *   *

---

[1] The plaintiff has apparently filed a notice of change of address indicating he is no longer incarcerated.

>      (e)(2) Notwithstanding any filing fee, or
> any portion thereof, that may have been paid,
> the court shall dismiss the case at any time
> if the court determines that –
>
>           *   *   *
>
>      (B) the action or appeal –
>
>           *   *   *
>
>      (i)  is frivolous or malicious;
>
>      (ii) fails to state a claim on which
>      relief may be granted; or
>
>      (iii) seeks monetary relief from a
>      defendant who is immune from such
>      relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with

3

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

A. <u>Facts of the Case</u>

The plaintiff names Harvey Ruvin, Clerk of Court for Miami Dade County, and alleges that Ruvin refused to docket many of his pleadings, thereby denying him access to the Courts.  He also names the Office of the Clerk of Courts in Miami Dade County, the Board of Commissioners of Dade County and Miami Dade County. He seeks monetary damages.

This complaint must fail for multiple reasons. In the first instance the plaintiff's complaint is well over the twenty pages permitted in the S.D. Fla. Local Rule 7.1, which generally limits pleadings to 20 pages.

<u>Statute of Limitations</u>

In the second instance, many of the plaintiff's claims are barred by the statute of limitations. The plaintiff was convicted in the United States District Court in the Southern District of Florida, case nos 97-233-cr-Gold and 98-117-cr Gold. He claims he sent letters to Harvey Ruvin throughout 2004, which were unanswered. He sent a 2004 letter to compel records through a freedom of information act which was not acted upon.  These issues are all time barred.

---

[2] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law.  The Court further held that these cases are best characterized as personal injury actions.  Such claims in Florida are governed by Fla.Stat. §95.11(3)(a), actions founded on negligence, or Fla.Stat. §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections. Both of these sections establish four year periods of limitations.

Later, the Supreme Court decided Owens v. Okure, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the State's general or residual personal injury statute of limitations.  In Florida, this is Fla.Stat. §95.11(3)(p), four years for actions not specifically provided for.  The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the limitations period for prisoners. Hardin v. Straub, 490 U.S. 536 (1989).  Florida has a general tolling statute, Fla.Stat. §95.05l, but it does not toll limitations periods for prisoners.

Thus, the length of the limitations period, determined by state law, is four years. Many of the actions alleged occurred in 2004. The plaintiff had four years, or sometime until 2008 to file

5

a complaint related to these acts. He filed this complaint March 5, 2013, well over the four year statute of limitations.[3]

<u>Remaining claims</u>

The remaining claims are essentially another attempt to collaterally attack his 1978 conviction. He has filed over ten cases in this Court, multiple successive §2255 motions attacking his criminal conviction, Freedom of Information Act cases, Mandamus and cases filed against the United States Justice Department, and the United States Attorney for the Southern District, see 03-21738-Civ-Gold, 04-21183-Civ-Gold, 04-21493-Civ-Lenard, 04-21840-Civ-Jordan, 04-22063-Civ-Gold, 05-21031-Civ-Gold, 06-20581-Civ-Graham, 06-23057-Civ-Altonaga, 07-22582-Civ-Ungaro,and 08-22101-Civ Ungaro. (All cases are closed). He further filed case no. 06-22730-Civ-Gold, dismissed as a successive §2255 motion.

In this pleading he again attempts to attack his criminal conviction. He essentially claims the Miami-Dade Police Department allowed federal law enforcement officers to arrest him in 1998, resulting in an unjust arrest and conviction. He claims he was targeted as a black man in an essentially black neighborhood. Any attempt to collaterally attack his conviction would be successive and time barred.

<u>Defendant Ruven</u>

---

[3] The mail box rule permits the date for statute of limitations purposes to be the date the plaintiff signed the complaint and provided it to the authorities for mailing. <u>Garvey v. Vaughn</u>, 993 F.2d 776 (11 Cir. 1993). The <u>Garvey</u> Court held that the so-called "mailbox rule" announced in <u>Houston v. Lack</u>, 487 U.S. 266 (1988) applies not only to notices of appeal, but to complaints in 42 U.S.C. §1983 actions. Even with the aid of the mailbox rule, the plaintiff filed past the statute of limitations.

He alleges that in May of 2012 he sent a pro-se pleading to the Office of the Clerk of the State Court for a determination of indigent status. He sent a second request on June 10, 2012. Both sets were returned to him in July, unfiled.  He claims he sent another pro-se pleading in October of 2012, and it has not been docketed. He claims he has attempted to serve pro-se pleadings and personal letters to the Eleventh Circuit, which have not been filed or docketed by Ruven.

B. Analysis
   Immunity

Clerk Ruven is immune from a suit for damages. Clerks of Court are entitled to qualified immunity from liability if they were acting pursuant to their lawful authority and following in good faith the instructions or rules of the Court and were not in derogation of these instructions or rules. Henriksen v. Bentley, 644 F.2d 852, 854-56 (10 Cir. 1981); McLallen v. Henderson, 492 F.2d 1298 (8 Cir. 1974); McCray v. Maryland, 456 F.2d 1, 3-5 (4 Cir. 1972).

The Courts have generally held that deliberate indifference rather than negligence is required for the imposition of liability in suits for damages involving clerical liability. Kincaid v. Vail, 969 F.2d 594, 602, n. 10 (7 Cir. 1992) (§1983 action against state court clerks alleging that, by refusing to file inmates' complaints, clerks had deprived them of their constitutional right of access to the courts); Crawford-El v. Britton, 951 F.2d 1314, 1328 (D.C. Cir. 1991) (intentional interference with access to court violates constitution).  In this case, the plaintiff has failed to demonstrate that Ruven failed to docket a pleading in a

7

case from which he suffered prejudice, and he should be granted immunity.

Denial of access to Courts

The law concerning the right of access to the courts is as follows. Prisoners and detainees have a constitutional right to effective access to the courts. Lewis v. Casey, 518 U.S. 343 (1996); Bounds, Correction Commissioner v. Smith, 430 U.S. 817 (1977); Wanninger v. Davenport, 697 F.2d 992 (11 Cir. 1983); Love v. Summit County, 776 F.2d 908, 912 (10 Cir. 1985) (recognizing pretrial detainees have the same constitutional access rights to vindicate fundamental constitutional rights).

To sufficiently allege a denial of access to the courts, an inmate must show "some quantum of detriment" caused by the challenged conduct of state officials, resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation. Jenkins v. Lane, 977 F.2d 266, 268 (7 Cir. 1992), quoting Shango v. Jurich, 965 F.2d 289 (7 Cir. 1992). To show "some quantum of detriment," the complaint must allege specific facts such as court dates missed, an inability to make timely filings, or the loss of a case that otherwise could have been won. Martin v. Davies, 917 F.2d 336, 338 (7 Cir. 1990), cert. denied, 501 U.S. 1208 (1991).

In the case of Lewis v. Casey, supra, the Supreme Court made clear that not just any prejudice will suffice. In Lewis, the

Court emphasized that it is vital to a claim of denial of access to the courts for the plaintiff to specifically demonstrate how he was harmed and prejudiced with respect to any litigation in which he was involved. Id. at 349-353.

In this case, the plaintiff's history of filing in this Court is provided above. The plaintiff has failed to demonstrate the required prejudice to state a claim of denial of access to the Courts, related to his federal conviction which appears to be his main concern.

As to plaintiff's claims against the County, the Clerk of Courts of Miami Dade County and the Board of Commissioners, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Mandel v. Doe, 888 F.2d 782 (11 Cir. 1989). The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. Byrd v. Clark, 783 F.3d 1002, 1008 (11 Cir. 1986)(citing Monell, supra). The plaintiff has failed to demonstrate that Miami Dade County's policies have permitted the Clerk to abuse his position. He has failed to demonstrate liability on the part of the County or the Commissioners and the claims against these defendants should be dismissed.

### III.  Recommendation

Based on the foregoing, it is recommended as follows:

1. This complaint should be dismissed pursuant to 28 U.S. C. 1915(e)(2)(B)(ii) for failure to state a claim.

      2. This case should be closed.

      Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

      Dated this 30th day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Alfred Wayne Lee, <u>Pro Se</u>
     Address of record